IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CELESTE JANYA MAY,** | : | |
| **Plaintiff** | : | |
| | : | NO. 5:11-CV-327 -CAR - MSH |
| VS. | : | |
| **LISA INGRAM, et. al.,** | : | |
| **Defendants** | : | |

### ORDER TO SUPPLEMENT COMPLAINT

Plaintiff **CELESTE JANYA MAY**, a prisoner at the Pulaski State Prison in Hawkinsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*, and Plaintiff has now paid an initial partial filing fee as ordered by this Court. However, before the Court can conduct a review of Plaintiff's Complaint, as required by 42 U.S.C. §1915A, Plaintiff will need to file a supplement to her Complaint. Plaintiff's present Complaint suffers from multiple deficiencies.

In her Complaint, Plaintiff alleges that employees of the Hope House of Oconee Center (presumably a public, non-profit rehabilitation facility)[1] locked her in an office, held her down, bit and scratched her, and pulled her hair. Plaintiff names the "**Hope House Oconee Center**," the Coordinator of the Hope House, **Lisa Ingram**, and two

---

1 The Court takes notice that the Oconee Center is a public, non-profit agency organized as a community service board under Georgia Law, OCGA § 37-2-1 *et. seq*. See Oconee Comty. Svc. Bd. v. Holsey, 266 Ga. App. 385, 385-86, 597 S.E.2d 489 (2004) (finding that OCSB was entitled to sovereign immunity); see e.g., Middleton v. MCI Telecommunications Corp., 2005 WL 2495358 at * 2 (M.D. Fla. Oct. 10, 2005) (taking judicial notice that defendant was a for-profit, private corporation).

"house parents," **Patricia Anderson** and **Carlon Simons**, as the defendants in this action. According to Plaintiff, Ms. Ingram and Ms. Simons held Plaintiff in the office against her will and assaulted her, while Ms. Anderson stood outside the door preventing others from coming to her aid.   Plaintiff requests that this Court "press charges" against all Defendants and award her damages for "pain and suffering."   According to Plaintiff, the event "devastated" her "both emotionally and mentally."   However, the extent and severity of Plaintiff's physical injuries is unclear.   Plaintiff only briefly notes that she was sent to the hospital after the event and "received a shot for the bite marks."

Clearly, this Court has no jurisdiction to institute criminal proceedings against Defendants. See Otero v. U. S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987); Bennett v. Hall, 2010 WL 4024006 at *2 (M.D. Ga. Sept. 13, 2010).   Plaintiff thus cannot state a claim for such relief.   The Court, however, may award Plaintiff damages under §1983 if she is able to prove that a state actor deprived her of some right guaranteed by the Constitution or a statute of the United States and that she suffered an injury therefrom. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).

Presently, Plaintiff's Complaint fails to provide enough detail of the event to allow the Court to determine whether she has stated plausible claims against all Defendants. Plaintiff is therefore **DIRECTED** to supplement her Complaint by describing the specific actions taken by each of the named Defendants or the duties they failed to perform that allegedly violated her constitutional rights. Plaintiff should specifically add detail describing the events leading up to the alleged attack and the injuries suffered.   Plaintiff's

supplement should not exceed **five (5)** handwritten pages.  Additional detail about the event is needed; a long narrative describing Plaintiff's entire stay at Hope House is not.   In an effort to assist Plaintiff's compliance with this Order, the Clerk is **DIRECTED** to mail Plaintiff a new 42 U.S.C. § 1983 complaint form **showing this case number**.

Though Plaintiff has requested via a Motion for Appointment of Counsel (ECF No. 8) that counsel be appointed to assist her in prosecuting this case, no counsel will be appointed at this time.  Her request is premature. Until such time as the Court has an opportunity to review responsive pleadings from Defendants, it cannot properly evaluate Plaintiff's need for counsel.  Should it become apparent later on in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion.

Plaintiff will have **TWENTY-ONE (21) DAYS** from the date of this Order to submit a supplement to her Complaint.  If Plaintiff fails to respond to this Order in a timely manner, her Complaint may be dismissed.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 22nd day of November, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE