IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CELESTE JANYA MAY,** | : | |
| **Plaintiff** | : | |
| | : | NO. 5:11-CV-327 -CAR - MSH |
| VS. | : | |
| **LISA INGRAM, et. al.,** | : | |
| **Defendants** | : | |

### ORDER

Plaintiff Celeste Janya May, a prisoner at the Pulaski State Prison in Hawkinsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*, and Plaintiff has now paid an initial partial filing fee as ordered by this Court. Plaintiff, however, is still obligated to pay the full filing fee, as is directed later in this Order.

The Court has now also reviewed Plaintiff's Complaint and Supplement as required by 29 U.S.C. §1915A(a) and finds that Plaintiff has stated a colorable claim against Defendants Lisa Ingram, Carlon Simons, and Patricia Anderson. It is thus ORDERED that service be made on all Defendants.

### STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a

1

preliminary screening of her Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[T]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of hers claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003); *see also* 28 U.S.C. § 1915A(b).

## DISCUSSION

In her Complaint (ECF No. 1) and Supplement (ECF No. 11), Plaintiff alleges that she was physically assaulted and injured by three employees of the "Hope House" at the Oconee Mental Health Center. The Court has previously taken notice that the Oconee Center is a public, non-profit agency organized as a community service board under Georgia Law, OCGA § 37-2-1 *et. seq*. *See Oconee Comty. Svc. Bd. v. Holsey*, 266 Ga. App. 385, 385-86, 597 S.E.2d 489 (2004) (finding that OCSB was entitled to sovereign immunity). It appears that, at the time of the alleged attack, Plaintiff was completing her probation at the Hope House and taking part in the facility's drug rehabilitation program. It also appears that Plaintiff's stay at the Hope House was involuntary; Plaintiff alleges that, if she had requested to be moved from the Hope House, her probation officer would have transported her to the county jail.

According to the Complaint, the three Defendants locked Plaintiff in a room against her will and assaulted her without cause on January 1, 2011. The Complaint alleges that Defendant Lisa Ingram, the Coordinator of "Hope House," ordered Defendant Patricia Anderson, a "house parent," to hold the office door closed so that Plaintiff could not escape. Defendant Ingram then began saying "Get her. Get her. Get her." Plaintiff alleges that she was scared and ran to a phone to dial "911," but was caught before she could do so. Defendant Ingram allegedly caught Plaintiff and put her knee on Plaintiff's neck. She then picked Plaintiff up off the ground and held Plaintiff as she again ordered Defendant Carlon Simons, another "house parent," to "get her." The Complaint then states that Defendant Simons grabbed Plaintiff by the hair and scratched her as Defendant Ingram "was biting" her.

The attack allegedly stopped only when Defendant Anderson opened the door and warned that someone outside the office was threatening to call the police. At some point, the police were apparently called. The officers took Plaintiff's statement and photographed her injuries. Plaintiff was later transported to the hospital where she was given a shot (because of the bite marks) and x-rays were taken.

These allegations, when read in a light most favorable to the Plaintiff, do sufficiently state a colorable claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. §1915A. *See Hale*, 50 F.3d at 1581. If true, the allegations suggest that Plaintiff was subjected to false imprisonment and an excessive use of force by state actors. *See generally, Ortega v. Christian*, 85 F.3d 1521, 1526 n. 2 (11th Cir. 1996) (identifying

elements of false imprisonment claim) and *Hudson v. McMillian*, 503 U.S. 1, 7-8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (discussing requirements for excessive force claim).

It is thus ORDERED that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal

of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 27th day of December, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE