IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CELESTE JANYA MAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-327 CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| LISA INGRAM and CAROLYN SIMMONS, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants' Motions for Summary Judgment. (ECF Nos. 31, 39.) Both motions have been responded to and are ready for review. For the reasons stated below, Defendants' motions should be granted and Plaintiff's case dismissed.

### DISCUSSION

**I.   Statement of Facts**

Plaintiff Celesta Janya May, who, at the time of the filing of the Complaint, was an inmate housed at the Pulaski State Prison in Hawkinsville, Georgia, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Supp. Compl. 5, ECF No. 11).[1]

---

[1] Plaintiff was ordered on November 22, 2011 (ECF No. 9), to file a Supplemental Complaint, which she did on December 13, 2011 (ECF No. 11.) This R&R will reference only the Supplemental Complaint which supersedes the original Complaint in this case.

Plaintiff alleges that on January 1, 2011, she was forcibly removed from the Hope House[2] after an altercation with the Defendants. (Suppl. Compl. 6.) Specifically, Plaintiff states that after she was denied use of the resident's phone at the Hope House by Defendant Patricia Anderson, she and a fellow resident, Heather Holland, attempted to use the house phone. (*Id.*) Plaintiff states that Defendant Anderson, whose job it was as a "House Parent" to oversee the residents, took the phone from Ms. Holland, wherein Plaintiff became upset. (*Id.*) At that point, Defendant Anderson called Defendant Lisa Ingram, the Hope House Coordinator, to come assist her with Plaintiff and Ms. Holland. (*Id.*) Defendant Ingram then called Defendant Carolyn Simmons, another House Parent, who agreed to come to Hope House to assist Defendants Anderson and Ingram. (Prob. Revoc. Hr'g Tr. 7, 27.) Upon arrival, Defendants Ingram and Simmons told Plaintiff to go to her room, which she refused to do. (Compl. 8.) Ms. Holland then attempted to enter the office to remove her personal belongings, and was stopped by the Defendants. (*Id.*) Plaintiff alleges that she became scared and attempted to call 9-1-1, but was unable to. (*Id.*) Plaintiff states that Defendant Simmons grabbed her by the hair and Defendant Ingram began biting her. (*Id.*)

At that point, the police arrived and handcuffed Plaintiff. (*Id.*) Plaintiff states that she signed "the papers" which released her from the Hope House and was escorted from the premises. (*Id.* at 10.) She states that the next day, she went to the hospital where she

---

[2] Plaintiff was admitted to the Hope House (a residential treatment facility) on September 23, 2010, as a condition of her probation following convictions for Obstruction of an Officer, Simple Battery, Family Violence Battery, and Cruelty to Children out of the Baldwin County Superior Court. (Probation Revocation Hr'g Tr., February 25, 2011, 2:24-3:4; ECF No. 31-2.)

2

received a shot and an x-ray on her right hand. (*Id.*) Following the altercation, Plaintiff's probation was revoked and she was sentenced to serve five years in prison. (Prob. Revoc. Hr'g Tr. 60-62.) In her Complaint, Plaintiff alleges false imprisonment and excessive force, seeking criminal charges to be brought against the Defendants, and that she receive damages for the pain and suffering caused by the Defendants. (Compl. 12.)

## II.     Standard for Motion for Summary Judgment

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

The law provides that the party against whom summary judgment is sought must be given ten (10) days' notice of the summary judgment rules.  In addition, the party against whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion.  If he fails and refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.

### III.    Defendant Patricia Anderson

The Eleventh Circuit has held that "[s]ection 1983 gives a party who claims to have suffered the deprivation of a constitutional right at the hands of a person acting under color of state law an action at law [or] suit in equity against such person for redress.'" *GeorgiaCarry.org, Inc. v. Georgia,* 687 F.3d 1244, 1253 (11th Cir. 2012) (internal quotations omitted).  Specifically, the Court has held that "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005).

In this case, Defendant Anderson was employed as a Certified Nursing Assistant by ATC Healthcare Services, Inc., a staffing agency. (Def.'s Mot. for Summ. J. 1, ECF No. 31.)  On the date in question, Defendant Anderson was working at the Hope House pursuant to her assignment by ATC Healthcare Services, Inc. and at no time was she an employee of the Hope House.  (Prob. Revoc. Hr'g Tr. 16.)  Thus, it is found that

Defendant Anderson was not a state actor, nor was she acting under color of state law, for purposes of liability under 42 U.S.C. § 1983.

However, merely because she is not a state actor does not mean that Defendant Anderson is immune from suit. The Eleventh Circuit has held that

> A private person is considered a state actor if the state coerced or significantly encouraged the private person to act, the action was traditionally performed by a state official, or the state was a joint participant in the action. A private party may be considered a state actor if he conspired with state officials to commit the alleged constitutional violation. To establish a conspiracy, the plaintiff must present evidence of an agreement between the defendants to violate his rights.

*Lloyd v. Card*, 283 F. App'x 696, *699 (11th Cir. 2008) (internal citations and quotations omitted). In this case, Plaintiff's pleadings have wholly failed to allege any facts which would support an inference that Defendant Anderson conspired with Defendants Ingram and Simmons to violate her constitutional rights. Defendant Anderson's mere presence at the time of the events in question does not establish or constitute a conspiracy.

Defendant Anderson further contends that Plaintiff has failed to allege any violation of her rights in her pleadings in this case. (Mot. for Summ. J. 3.) In her Response to Defendant Anderson's Motion for Summary Judgment, Plaintiff contends that "Mrs. Anderson played a direct part in the end result by denying Plaintiff a possible way to exit." (Resp. to Mot. for Summ. J. 2.) However, at the deposition of Plaintiff by Defendant Anderson's counsel, Plaintiff stated otherwise:

> Q: Ok. But you don't know how the door got shut, then, right?
> A: I know [Patricia Anderson] shut the door.
> Q: How do you know?
> A: (no response)
> Q: That's just speculation on your part, correct?

5

>A: Yes.
>Q: You didn't actually ever see anybody close the door, right?
>A: No, not really, I didn't.

(Pl.'s Depo, 54:6-15). Plaintiff's statements under oath reveal that she was not sure whether Defendant Anderson was even in the room at the time the events in question took place.

Because Plaintiff has not established that Defendant Anderson was a state actor for purposes of liability in this case, nor can Plaintiff show that Defendant Anderson was even present during the relevant time, it is recommended that Defendant Anderson's motion for summary judgment be granted as there remains no genuine issue of material fact as to the claims against her.

## IV.    Defendants Ingram and Simmons

In their Motion for Summary Judgment, Defendants Ingram and Simmons contend they are also entitled to summary judgment from Plaintiff's claims. (Def.s' Mot. for Summ. J. 11; ECF. 42.) Defendants assert that they are entitled to qualified immunity, and, thus, are immune from suit in this case. (*Id.* at 19.) Because the Hope House of the Oconee Center is a public, non-profit agency organized as a community service board under Georgia Law pursuant to O.C.G.A. 37-2-1, et seq., they are considered to be state actors and may be granted qualified immunity as to claims made against them in their individual capacities. *See Oconee Comty. Svc. Bd. v. Holsey*, 266 Ga. App. 385, 385-86, (2004). Defendants further argue that no genuine issue of material fact exists in Plaintiff's excessive force or false imprisonment claims. (Def.s' Mot. for Summ. J. at 11, 17.)

### A.   Qualified Immunity

Defendants contend that Plaintiff's action should be dismissed because they are entitled to qualified immunity. (Mot. for Summ. J. 1.) Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Specifically, "[t]he doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (internal quotation marks omitted).

Under qualified immunity analysis, the public official must first prove he was "engaged in a 'discretionary function' when he performed the acts of which plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendants Ingram and Simmons were acting within the scope of their discretionary authority as The Hope House Coordinator and fellow house parent, respectively, when the events in question took place. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendants are not entitled to qualified immunity. *Id.*

The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the [Defendants'] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009) (based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* If either element of the qualified immunity test is decided against the Plaintiff, the Defendants are entitled to qualified immunity.

The evidence presented, as noted above, is examined by this court in a light more favorable to the Plaintiff, as is required by law. *See Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). In this case, Plaintiff claims that Defendants subjected her to excessive force and false imprisonment when she attempted to leave the Hope House. (Suppl. Compl. 12; ECF No. 11.)

### i. *Excessive Force*

Plaintiff contends that the actions of Defendants Ingram and Simmons amounted to excessive force in violation of her Eighth Amendment rights. An officer is entitled to qualified immunity if his actions were objectively reasonable, meaning that "an objectively reasonable officer in the same situation could have believed that the force used was not excessive." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)

8

(citation omitted). "[A] prisoner alleging excessive force must demonstrate that the defendant acted 'maliciously and sadistically to cause harm.'" *Porter v. Nussle*, 534 U.S. 516, 528 (2002) (citations omitted). Furthermore, to prevail on an excessive force claim, Plaintiff must prove that the mental state of the defendants was "purposeful or knowing conduct," as opposed to the lesser mens rea requirement of deliberate indifference which governs "conditions of confinement claims." *Id.* Any examination of excessive force as used against a prisoner must be examined under the Eighth Amendment.[3] The Eleventh Circuit has held that "[i]n determining the reasonableness of the force applied, we look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009).

In this case, the undisputed facts reveal that Plaintiff was upset that her friend, Heather Holland, was leaving Hope House. Plaintiff decided that she wanted to leave as well and attempted to use the house phone to call someone for a ride. When she was told that she had already used her allotted minutes for phone calls, Plaintiff became angry. After a physical altercation occurred between Plaintiff and Defendants, the police were called, and Plaintiff was escorted from the premises. The remaining facts in this case, however, are in dispute.

As to the differing versions of events, the Eleventh Circuit has very recently held that "[w]hen opposing parties tell two different stories, one of which is blatantly

---

[3] *See generally Hudson v. McMilliam*, 503 U.S. 1 (1992).

9

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Morton v. Kirkwood*, -- F.3d --, 2013 WL 471618 (11th Cir. 2013) (citation omitted). Furthermore, a "party adverse to the movant for summary judgment cannot rest on his pleadings to present an issue of fact." *Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658 (11th Cir. 1984). Here, Plaintiff has submitted no evidence except her own unsworn statements to contend that she was subjected to excessive force by Defendants Ingram and Simmons. Defendants, on the other hand, have filed affidavits and transcripts to establish that they did not attack Plaintiff, but were merely defending themselves from her aggression after she was asked to return to her room and would not and then entered the office without authorization to do so. As such, no excessive force is found to have occurred.

    ii. *False Imprisonment*

"A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Plaintiff is required to establish the elements of common law false imprisonment, which resulted in violating her due process rights conferred by the Fourteenth Amendment. *See id*. at 1526 & n. 2 (the elements of common law false imprisonment are: "(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm.").

  In this case, Plaintiff contends that she was unlawfully restrained in the office of Hope House when she attempted to leave. (Suppl. Compl. 10.) It has already been

10

established that Defendant Anderson (the only person Plaintiff accused of holding the office door shut) did not, actually, hold the office door closed while Plaintiff tried to get out. In fact, the record reveals that Plaintiff was told to get out of the office but refused to do so. (Ingram Aff. ¶ 7; Simmons Aff. ¶ 7; ECF Nos. 40-1, 40-2.) Because the record is devoid of any intent to confine Plaintiff in the office, nor were there any acts which resulted in her confinement in the office, Plaintiff has failed to show that she was subjected to false imprisonment.

Based on the foregoing, Plaintiff is unable to establish that any of her constitutional rights were violated. Plaintiff further failed to establish that qualified immunity was not warranted in this case. As such, it is found that Defendants Ingram and Simmons are entitled to qualified immunity as to the claims made against them by Plaintiff.

## CONCLUSION

The Eleventh Circuit has held that on a motion for summary judgment, a plaintiff cannot rest on his conclusory allegations to create a genuine issue of material fact as to his claims. *McCarley v. KPMG Int'l,* 293 F. App'x 719, 722 (11th Cir. 2008). Because Defendant Anderson cannot be found to be liable under 42 U.S.C. § 1983, and there is no evidence in the record which establishes that any of Plaintiff's constitutional rights were violated, it is recommended that Defendants' Motions for Summary Judgment be granted.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED for the above stated reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the

United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 12th day of March, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE